UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:21-cr-00118-SEP |
| MICHAEL BOYD, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

Before the Court is the United States' Motion for Leave to File a Sealed Pleading and Sealed Exhibits, Doc. [132]. The United States seeks leave to file its response to Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) and two accompanying exhibits under seal.

"Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978); *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *IDT Corp.*, 709 F.3d at 1222 (quoting *Nixon*, 435 U.S. at 598) (internal citation omitted). "The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides *compelling* reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)) (emphasis added).

1

Besides the common-law right of access to courts, "the press and general public" have a qualified First Amendment right of access to certain judicial proceedings and documents as well. *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 603 (1982); *see also Zink v. Lombardi*, 783 F.3d 1089, 1112 (8th Cir. 2015). The First Amendment right of access extends to preliminary hearings, criminal trials, voir dire, documents filed in support of search warrant applications, as well as sentencings and documents filed regarding sentencing. *Press-Enter. Co. v. Superior Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 10 (1986); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 579-80 (1980); *In re Search Warrant for Secretarial Area Outside Off. of Gunn*, 855 F.2d 569, 572-73 (8th Cir. 1988).

To determine whether the United States may file portions of its brief and accompanying exhibits under seal, the Court must consider whether it presents a "compelling reason" for sealing that is sufficient to overcome the presumption of public access. *Flynt*, 885 F.3d at 511. The United States argues that the documents should be filed under seal because they "contain[] information related to [D]efendant's medical health data and specific identifiers" and "[e]xhibits 1a and 1b are Defendant's medical records from the Bureau of Prisons." Doc. [133] at 1. The Eighth Circuit advises that "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

The public enjoys "a strong presumption of access" to documents that "directly see[k] to influence the sentence that this Court imposes," because of the "direct role [such documents play] in the exercise of Article III judicial power." *United States v. Hughes*, 2022 WL 3700907 at *3 (E.D. Mo. Aug. 26, 2022) (citations omitted).[1] In *Hughes*, the defendant filed a motion for compassionate release in which he sought to reduce his sentence due to certain medical conditions, and he moved to file all relevant documentation under seal due to the sensitive nature of his private medical records. *Id*. The Court denied the motion to seal because, by putting his medical condition at issue in seeking a reduced sentence, the defendant had made the medical records relevant to the court's decision on his motion for reduced sentence. *Id*. The Court

---

[1] *See also, e.g.*, Order, *United States v. Sicuro*, Case No. 4:20-cr-00568-SEP (E.D. Mo. Mar. 22, 2023); Order, *United States v. Ortiz*, Case No. 4:21-cr-00367-SEP (E.D. Mo. Feb. 22, 2023); Order, *United States v. Swegan*, Case No. 21-cr-00255-SEP (E.D. Mo. Apr. 20, 2023).

agrees with that analysis and finds that, to the extent that Defendant wants information about his mental health or his past to influence decisions that directly relate to his sentencing, that information should be available to the public.

Mr. Boyd has already asked the Court to consider his medical condition in his Motion for Reduction in Sentence.  *See* Doc. [128] at 6-8 ("Mr. Boyd suffers from advanced glaucoma with, extremely, uncontrolled eye pressure, which pose a substantial and serous risk to his health and safety, particularly in the confined, high-stress environment of the correctional facility.").  The United States seeks to seal some of the details Mr. Boyd already made public in his motion.  Mr. Boyd even attached some of his own medical records to his motion.  *See* Docs. [128-2], [128-3].  The public right to access to information that informs this Court's sentencing decisions is not outweighed by Mr. Boyd's personal privacy interests, especially when Mr. Boyd has already voluntarily disclosed that information.

The United States may file under seal the names and other personal identifying information of third parties because that information is less material to the Court's sentencing decision.  The Court identified one redaction of the name of Mr. Boyd's maternal half-sister.  *See* Doc. [134] at 6.  It is unnecessary to redact Mr. Boyd's mother's name because he already filed it on the public docket.  *See* Doc. [128] at 9.  If the United States believes that there is additional third-party information in Mr. Boyd's medical records that should be sealed, it must submit proposed redactions for those documents within 14 days.

Accordingly,

**IT IS HEREBY ORDERED** that United States' Motion for Leave to File a Sealed Pleading and Sealed Exhibits, Doc. [132], is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the United States must filed revised redaction for any third-party information in Mr. Boyd's medical records within **14 days** of the date of this Order.

Dated this 10th day of September, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3